IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAPPA FUND III, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0897-L** |
| | § | |
| | § | |
| **ACTTHERM HOLDING, a.s., and** | § | |
| **ACTHERM spol s.r.o.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendants' Motion to Dismiss, filed August 4, 2010; (2) Plaintiff's Motion to Bring in Third Party Defendants, filed September 23, 2010; and (3) Plaintiff's Motion to Transfer Jurisdiction, filed September 23, 2010. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Defendants' Motion to Dismiss; **denies** Plaintiff's Motion to Bring in Third Party Defendants; and **denies** Plaintiff's Motion to Transfer Jurisdiction.

**I.      Background**

Plaintiff filed its Original Complaint on May 4, 2010, alleging claims against two Czech Republic entities, ACTHERM Holding, a.s. ("ACTHERM") and ACTHERM spol s.r.o. ("ACTHERM spol") (collectively, "Defendants"). Plaintiff's claims arise from the financing of certain molds, machine tools, and other equipment purchased by ACTHERM from a Canadian company, Vector Precision Molds, Inc. ("Vector"). CAPPA contends that ACTHERM agreed to pay ten percent down and to pay the rest of the purchase price with notes financed by Diamond + Diamond Merchant Bank Group ("Diamond"), a Canadian entity. Ultimately, on January 27, 2005,

fourteen promissory notes were issued; the beneficiary of each was Diamond, and each was signed by ACTHERM. In a previous transaction, ACTHERM had executed ten other bills of exchange. These ten bills were dated December 15, 2004 and were payable to Diamond.

Plaintiff contends that Diamond assigned the twenty-four bills of exchange to CESS, a.s. ("CESS") in a swap of bills of exchange. On November 17, 2009, CESS assigned all twenty-four notes to CAPPA. On January 20, 2010, Plaintiff made written demand for payment of the total amount due on the twenty-four bills of exchange. Plaintiff has brought claims for sum certain due on note/bill of exchange, breach of contract, and quantum meruit; it also seeks attorney's fees and interest.

Defendants moved to dismiss this action on August 4, 2010. CAPPA did not timely file a response. In the parties' Joint Status Report, filed September 8, 2010, CAPPA stated that it would file a motion for leave to amend its complaint to add two additional defendants and a motion to transfer this case to California. On September 13, 2010, the court ordered CAPPA to respond to the motion to dismiss and stated: "The court determines that before taking any further action, it must determine if it has personal jurisdiction over Defendants." Order (Sept. 13, 2010) 2. Plaintiff filed a "response" to the motion to dismiss on September 22, 2010.

On September 23, 2010, Plaintiff moved for leave to amend its complaint and to transfer this case to California pursuant to 28 U.S.C. § 1631. As stated in its September 13, 2010 order, the court will consider whether it has personal jurisdiction over Defendants before reaching Plaintiff's other requested relief.

**Memorandum Opinion and Order – Page 2**

## II.     Legal Standard – Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2)

whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest

in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp.2d 720, 725 (S.D. Tex. 1999) (quoting *Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

**III.   Analysis**

In its "response" to the motion to dismiss, Plaintiff argues that the court should grant it leave to add Union Capital Finance Corporation ("UCFC"), a California corporation, and CESS, a Czech Republic joint stock company, and that the court should transfer the action to the Central District of California, Los Angeles Division. It does not address the arguments raised by Defendants in their Motion to Dismiss.

In its Motion to Transfer Jurisdiction, Plaintiff argues that a California court would have jurisdiction over Defendants, UCFC, and CESS pursuant to the California Long Arm Statute, Cal. Civ. Proc. Code § 410.10. In its Motion to Bring in Third Party Defendants, CAPPA contends that it should be granted leave pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to add UCFC and CESS as "Third Party Defendants."[1] Plaintiff argues that CESS endorsed certain bills of exchange and owes it money because Defendants, the guarantors of the bills, have refused to pay them. Plaintiff also argues that joinder of UCFC and CESS would "clarify the jurisdictional issues

---

[1] Plaintiff refers to UCFC and CESS repeatedly as "Third Party Defendants," though if brought in as parties by Plaintiff, they would be "Defendants." A "third party defendant" is a party sued by the original defendant in an action.

**Memorandum Opinion and Order – Page 5**

in this matter as complained of by Defendants." Mot. to Bring in Third Party Defs. (Sept. 23, 2010), 2.

On September 23, 2010, Plaintiff filed its First Amended Original Complaint without leave of court. In this pleading, Plaintiff alleges that UCFC guaranteed the bills of exchange and that it owns 75.5 percent of the voting equity of ACTHERM. Because it was filed without leave of court, pursuant to Rule 15(a)(2), the court will strike it from the docket sheet of this action.

The live pleading is therefore Plaintiff's Original Complaint, filed May 4, 2010. The court made clear in its September 13, 2010 order that it would first consider whether it has personal jurisdiction over Defendants before reaching other relief requested by Plaintiff.

Plaintiff has failed to make any showing that Defendants have any contacts with the state of Texas that would allow this court to exercise personal jurisdiction over them. It argues entirely that California has personal jurisdiction over Defendants and the parties it wants to join. By not responding to the merits of Defendants' Motion to Dismiss and moving to transfer pursuant to section 1631, which applies when a court lacks jurisdiction, Plaintiff admits that this court lacks person jurisdiction over Defendants. Accordingly, the court determines that it lacks personal jurisdiction over Defendants.

The court next addresses whether this action should be transferred rather than dismissed. Section 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. The decision whether to transfer lies within the discretion of the district court. *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) ("The district court has broad discretion in deciding whether to order a transfer. . . . In this case the interests of justice may be best served by requiring the plaintiffs to begin at the beginning in the proper forum.").

The court determines that it will exercise its discretion and dismiss, rather than transfer, this action. The court lacks personal jurisdiction over Defendants, and, because the facts are not fully developed, it is not clear whether California has personal jurisdiction over them either. While Plaintiff argues that California has personal jurisdiction over Defendants, UCFC, and CESS, it has provided no explanation for its filing in Texas and has not alleged any harm to it by dismissal without prejudice of its claims in Texas. The live pleading makes references to the Czech Republic and Canada, but it makes no reference to Texas or California. Plaintiff has not alleged any legal prejudice it will suffer if the court dismisses the case. To the extent a California court can hear this dispute, the court determines that the interests of justice will be best served by requiring Plaintiff to plead and bring its claims against all the parties it wishes to join in California.[2]

For whatever reason, Plaintiff totally ignored the court's instruction to file a response and address the arguments made in the motion to dismiss. Because the court lacks personal jurisdiction over Defendants, their motion to dismiss pursuant to Rule 12(b)(2) should be granted. The court

---

[2]The court also finds that Plaintiff's motion for leave to amend to add UCFC and CESS should be denied. Plaintiff does not argue that this court has personal jurisdiction over them, and the court has no basis to believe that it does. Because it does not have personal jurisdiction over the parties Plaintiff wishes to add, the court determines that it should not be the court to determine whether they should be added to this litigation. Plaintiff can add them as parties if it chooses to file these claims in California.

determines in its discretion that transfer pursuant to 28 U.S.C. § 1631 is not appropriate, and therefore it will dismiss this action without prejudice.

## IV. Conclusion

For the reasons stated herein, the court **grants** Defendants' Motion to Dismiss; **denies** Plaintiff's Motion to Bring in Third Party Defendants; and **denies** Plaintiff's Motion to Transfer Jurisdiction. The court **strikes** Plaintiff's First Amended Original Complaint, filed September 23, 2010, because it was filed without leave of court. Finally, the court **dismisses** this action **without prejudice**.

**It is so ordered** this 27th day of September, 2010.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge