IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAPPA FUND III, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-897-L |
| | § | |
| ACTHERM HOLDING, a.s., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference filed November 2, 2010, before the Court is *The Actherm Entities' Motion for Sanctions and Memorandum in Support Thereof Against Plaintiff Cappa Fund III, LLC and its Counsel, Phil Pollan*, filed October 27, 2010 (doc. 27), and *The Actherm Entities' Request for Oral Hearing*, filed December 22, 2010 (doc. 43). Based on the relevant filings and applicable law, the motion for sanctions (doc. 27) should be **DENIED**. The motion for a hearing (doc. 43) is hereby **DENIED.**

**I. BACKGROUND**

On May 4, 2010, CAPPA Fund, III, LLC ("CAPPA") filed a complaint alleging claims for sum certain due on note/bill of exchange, breach of contract, and quantum meruit, against two entities from the Czech Republic, ACTHERM Holding, a.s. ("ACTHERM") and ACTHERM spol s.r.o. ("ACTHERM spol") (collectively, "Defendants"). CAPPA's claims arise from the financing of certain molds, machine tools, and other equipment purchased by ACTHERM from a Canadian company, Vectro Precision Molds, Inc. ("Vector"). On August 4, 2010, Defendants moved to dismiss this action for lack of personal jurisdiction. (MTD, Doc.8.) CAPPA did not timely file a response.

In the parties' Joint Status Report, filed on September 8, 2010, CAPPA stated that it would

file a motion for leave to amend its complaint to add two additional defendants and a motion to transfer this case to California. (JSR.) On September 13, 2010, the court ordered CAPPA to respond to the motion to dismiss. (Order, Doc. 13.) On September 22, 2010, CAPPA filed a "response" that failed to address the Defendants' arguments but that stated it would be filing a motion to transfer the suit to the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1631 and a motion for leave to amend its complaint. (Doc. 14.) On September 23, 2010, Plaintiff filed its first amended original complaint without leave of court and a motion to transfer the suit. (Doc.15. & 23.)

On September 27, 2010, the Court issued an order granting Defendants' Motion to Dismiss, denying CAPPA's Motion to Bring in Third Party Defendants, denying CAPPA's Motion to Transfer Jurisdiction, striking CAPPA's first amended complaint because it was filed without leave of court, and dismissing the action without prejudice. (Doc. 26.) On October 27, 2010, Defendants filed a motion for sanctions against CAPPA and its counsel, Phil Pollan, under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. (Doc. 27.) On December 7, 2010, Defendants filed a notice advising the court that they were no longer pursuing their motion for sanctions against CAPPA under § 1927. (Doc. 37.) On December 8, 2010, CAPPA and Pollan filed separate responses to Defendants' motion for sanctions. (Docs. 38 and 40.)

## II. MOTIONS FOR SANCTIONS

Defendants contends sanctions against CAPPA and Pollan are warranted because CAPPA's lawsuit was groundless and because they recklessly pursued the suit despite knowledge that personal jurisdiction was lacking. (MFS at 1.)

**A**. **Rule 11 Sanctions**

Defendants first seek sanctions against CAPPA and Pollan under Rule 11. (MFS at 6-12.)

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. Fed. R. Civ. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, Fed. R. Civ. P. 11(b)(1), (2); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, Fed. R. Civ. P. 11(b)(2), (3); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court", *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits", *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4).

Defendants argue that Rule 11 sanctions should be imposed because CAPPA never pled a single jurisdictional fact supporting the suit. (MFS at 9.) They also point to "five disturbing facts": (1) the quality of CAPPA's evidence; (2) their contention that CAPPA may be violating a Canadian injunction through its document manager Armen Agasarjan; (3) their contention that California is not a proper transfer forum due to the Canadian receivership of one of the alleged parties; (4) their allegation that CAPPA was playing an abusive game because it filed another suit in the Northern District of Texas in 2010 with no Texas ties that was also dismissed for lack of personal jurisdiction;

and (5) their general allegations of fraud based on a Canadian proceeding that Defendants contend is related to this suit. (*Id*. at 10-11.)

CAPPA and Pollan respond that Defendants failed to comply with Rule 11's "safe harbor" provision. (CAPPA Resp. at 6; Pollan Resp. at 3-4.) Fed. R. Civ. P. 11(c)(2) provides that a party may seek sanctions by filing a stand-alone motion describing specific sanctionable conduct. The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id*. A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance with the safe harbor provision. *See Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, Defendants filed their motion for sanctions on October 27, 2010, and the certificate of service indicates that the motion was served on CAPPA on the same date. (Doc. 27.) Although Defendants sent CAPPA several emails prior to the filing of the motion for sanctions warning that they would pursue Rule 11 sanctions, the Fifth Circuit has found that an informal letter does not of itself comply with the service requirements. *See In re Pratt*, 524 F.3d at 586-88. Defendants have not shown that they complied with the safe harbor provision, and their motion for sanctions under

4

Rule 11(c)(2) should be denied on this basis.[1]

**B. Inherent Power**

Defendants also generally ask for sanctions against CAPPA and Pollan under the Court's inherent power. (Mot. at 11.)

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Federal courts have the inherent, discretionary authority to dismiss an action upon a finding of bad faith or a willful abuse of the judicial process. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute rather than their inherent power, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991), they retain discretion to select the appropriate authority for sanctions, *see First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002). A court finding bad faith may impose an appropriate sanction under its inherent powers when Rule 11 sanctions are unavailable due to noncompliance with the safe harbor provision. *Elliott v. Tilton*, 64 F.3d 213, 216-17 (5th Cir. 1995); *First Bank of Marietta*, 307 F.3d 501 at 511-19. Bad faith conduct includes conduct that is motivated by improper purposes such as harassment or delay. *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988). In this respect, it "resembles" the requirements of Rule 11(b)(1). *Chambers*, 501 U.S. at 46 n.10.

Here, Defendants argue that the Court should award sanctions against CAPPA or Pollan under its inherent authority because CAPPA never pled a single jurisdictional fact supporting

---

[1] Because failure to comply with the safe harbor provision is dispositive of Defendants' request for Rule 11 sanctions, the Court does not reach the parties' remaining arguments for Rule 11 sanctions.

personal jurisdiction in any of its filings in this action. (MFS at 1-2, 9.) Defendants contend that CAPPA chose the Northern District of Texas as its lawsuit venue without any foundation for doing so because there are no Texas ties to any of the parties to the suit, and that they contacted CAPPA's counsel about this deficiency on three occasions to try to secure CAPPA's voluntary dismissal prior to moving to dismiss the suit. (*Id*. at 2-3, n. 4.) Defendants rely on *Valdez v. Kreso*, 144 F.Supp.2d 663, 665 (N.D. Tex. 2001).

In *Valdez*, Plaintiff filed a suit in state court in Tarrant County, Texas, that was later dismissed for lack of personal jurisdiction. *Id*. at 665–66. Less than two weeks later, Plaintiff's counsel filed a suit against the same defendants on the same set of alleged facts in the U.S. District Court for the Northern District of Texas. *Id*. at 666. After Defendants filed a motion to dismiss the second suit for lack of personal jurisdiction, Plaintiff's counsel continued to maintain that the U.S. District Court had jurisdiction over the parties. *Id*. at 666–67. The Court granted the motion to dismiss and ordered the suit dismissed for lack of personal jurisdiction. *Id*. at 664. It then ordered Plaintiff and her counsel to show cause why Rule 11 sanctions should not be imposed against them. *Id*. After a hearing, the Court sanctioned Plaintiff's counsel based on a finding that he made false allegations in most of the sixty-five numbered paragraphs of allegations in the complaint in violation of Rule 11(b), and that he had filed and pursued the suit for an improper purpose, such as to harass the defendants and cost them a needless increase in the cost of litigation. *Id*. at 672. Unlike *Valdez,* there is no evidence in this case that Pollan or CAPPA filed multiple suits against the same defendants in several different Texas courts or that CAPPA's complaint is replete with false allegations.

Defendants further rely on *Carona v. Falcon Servs. Co., Inc.*, 72 F. Supp.2d 731, 734–35 (S.D. Tex. 1999), to support their request for sanctions. (MFS at 12.) In *Carona*, the court assessed

6

sanctions against Defendants after finding that the Defendant's self-serving misrepresentations regarding its own principal place of business, presented to the Court in the form of written motions and supporting affidavits, gave rise to the level of sanctionable conduct. *Id.* Here, the mere fact that Pollan and CAPPA filed suit in a venue where personal jurisdiction was lacking does not rise to the level of purposefully misrepresenting facts in motions and affidavits to the court as in *Carona*. Accordingly, *Carona* also does not support their request for sanctions.

Courts can exercise their inherent power to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975), when the party practices a fraud upon the court, *Universal Oil Products Co. v. Root Refining Co.*, 421 U.S. 240, 259 (1946), or when a party delays or disrupts the litigation or hampers a court order's enforcement, *Hutto v. Finney*, 437 U.S. 678, 689, n. 14 (1978). Defendants have not shown that Pollan and CAPPA acted in bad faith or for any other prohibited reason in bringing this suit simply because they did not voluntarily dismissed a suit that was later dismissed. They have not shown that an award of sanctions against Pollan or CAPPA is warranted for bringing this suit.

Defendants also allege that "other highly questionable allegations and causes of action also justify sanctions" against CAPPA and Pollan. (MFS at 1.) They again point to the "five disturbing facts" that allegedly support sanctions. (*Id.* at 10-11.) While Defendants contend that this suit was groundless, it was dismissed solely for lack of personal jurisdiction. In denying CAPPA's motion to transfer venue, the Court expressly noted that "the facts are not fully developed". Defendants' contentions and allegations are insufficient to support a specific finding that Pollan or CAPPA filed and pursued this case in bad faith as required for imposition of sanctions under the Court's inherent power. *See Chambers*, 501 U.S. at 44; *R.T.C. v. Bright*, 6 F.3d 336, 340 (5th Cir.1993); *In re*

7

*Thalheim*, 853 F.2d 383, 389 (5th Cir.1988); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) (a specific finding as to whether counsel's conduct constituted or was tantamount to bad faith would have to precede any sanction under the court's inherent powers). Defendant's request for sanctions under the Court's inherent authority should be denied.

**C. 28 U.S.C. § 1927**

Defendant next urges the Court to sanction Pollan under 28 U.S.C. § 1927. Section 1927 of the United State Code, Title 28, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth Circuit has held this standard requires "that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *Calhoun,* 34 F.3d at 1297). Under § 1927, monetary sanctions for expenses, costs, and attorneys' fees may be "imposed only on offending attorneys; clients may not be ordered to pay such awards." *Matta v. May*, 118

8

F.3d 410, 413-14 (5th Cir.1997) (citing *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1416 (5th Cir.1994)).

Defendants contend that § 1927 sanctions are appropriate because "there never was any proper purpose to this case; it was filed in Texas for Mr. Pollan's convenience only and done in such a way *not* to seek justice, but to *misuse* the justice system." (MFS at 15.) Defendants also contend that they brought the jurisdictional issue to Pollan's attention on three occasions to no avail and were then forced to file a motion to dismiss the suit, which "appears to have been brought wrongly and without any jurisdictional basis." (*Id*. at 14.) Defendants further allege that CAPPA "plowed ahead with a specious lawsuit that may well be in violation of a Canadian injunction order." (*Id*.)

As noted, CAPPA's suit was dismissed solely for lack of personal jurisdiction without consideration of the merits of the disputed claims. (Doc. 26.) Because the parties' disputed claims have not yet been adjudicated, the Court cannot find that the entire proceeding has been unwarranted and should neither have been commenced nor pursued. *See Calhoun,* 34 F.3d at 1297; *Gunn*, 81 F.3d at 535. Moreover, even if CAPPA's claims against Defendants were baseless, it does not mean they were brought in bad faith or for an improper purpose. *See EsNtion Records, Inc. v. TritonTM, Inc.*, No. 3-07-CV-2027-L, 2010 WL 3446910, at *5 (N.D. Tex. Aug.31, 2010) (that party was forced to defend against "objectively unreasonable" claims for which there was no evidence does not support an award for attorney's fees under § 1927); *Oblio Telecom, Inc. v. Patel*, No. 3-08-CV-0279-L, 2010 WL 99353, at *3 (N.D. Tex. Jan.8, 2010) ("bad faith" of counsel in bringing lawsuit or vexatiously multiplying proceedings cannot be inferred from pleadings alone). Because Defendants have failed to meet their burden to establish that the proceedings were both unreasonable and vexatious, it would not be appropriate under § 1927 to shift the entire financial burden of the action's defense. *See Calhoun*, 34 F.3d at 1297. Accordingly, their request for sanctions against

Pollan under § 1927 should also be denied.

### III. CAPPA'S REQUEST FOR EXPENSES

CAPPA seeks an award of its reasonable expenses, including attorney's fees incurred in defending against the motion for sanctions, under Rule 11(c)(2). (CAPPA Resp. at 10-12.) It also contends that it was not obligated to comply with Rule 11's "safe harbor" provision prior to seeking sanctions against Defendant, relying on *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (filing frivolous motion for sanctions may lead to sanctions, and no cross-motion under Rule 11 is required to support award of sanctions in these circumstances, because court may award reasonable expenses, including attorneys' fees, incurred in presenting or opposing Rule 11 motion to person who prevails on motion).

Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). CAPPA contends that Defendants' continued maintenance of their motion for sanctions despite repeated warnings that the motion was procedurally flawed is sanctionable. (CAPPA Resp. at 10.) Ironically, this is the same reasoning proffered by Defendants in support of their motion, that CAPPA refused to dismiss its suit despite repeated warnings that personal jurisdiction was lacking. (*See* MFS at 3 n. 4, 14.) CAPPA has failed to provide any authority or facts to support its contention that Defendants' motion for sanctions violated Rule 11 or that reasonable expenses are warranted simply because Defendants failed to comply with the safe harbor provision. Its request for reasonable expenses should be denied.

### IV. POLLAN'S REQUEST FOR FEES

Pollan "prays that the Court dismiss all sanctions sought by Movant and impose upon Movant's (sic) and/or Movant's (sic) attorney's (sic) the reasonable attorney fees expended in

defending the unnecessary sanctions motion brought by Movant and Movant's (sic) attorneys."[2] (Pollan Resp. at 13.)

Because the specific basis for Pollan's request for fees is not stated in either the prayer or the body of the response, the Court looks to his arguments against the imposition of sanctions. He first argues that "[t]he filing of a Rule 11 sanctions motion by Movant, after the time allowed by Rule 11 to do so, is in itself subject to sanctions; as is so stated in the Notes of the Advisory Committee." (*Id.* at 5.) A court retains jurisdiction to hear a motion for sanctions even after a case has been dismissed on jurisdictional grounds. *See Ratliff v. Stewart*, 508 F.3d 225, 236 (5th Cir. 2007) (affirming sanctions imposed more than a year after dismissal); *Willy v. Coastal Corp.*, 915 F.2d 965, 967 (5th Cir. 1990), *aff'd* 503 U.S. 131 (1992). Any argument that Pollan is entitled to Rule 11 sanctions after the dismissal of the suit therefore fails.

Like CAPPA, he also notes that he advised Defendants' that their sanctions motion was flawed. (Pollan Resp. at 6.) Like CAPPA, Pollan has also failed to demonstrate that attorney's fees are warranted because he gave notice to Defendants that the motion was flawed. His request for attorney's fees under Rule 11 should also be denied**.**

## V.  DEFENDANTS' REQUEST FOR ORAL HEARING ON MOTION FOR SANCTIONS

On December 22, 2010, Defendants filed a request for hearing on their motion for sanctions. (doc. 43) The issues have been adequately briefed, and Defendants fail to provide any reason for the necessity of a hearing on their motion. Defendants' request for hearing is **DENIED**.

## VI.  CONCLUSION

*The Actherm Entities' Motion for Sanctions* (doc. 27), filed October 27, 2010, should be

---

[2] He also provides an attorney's fee affidavit totaling $13,325.50 for work associated with defending the motion for sanctions. (Doc. 39 at 9.)

**DENIED.** CAPPA's request for reasonable expenses (doc. 40), filed December 8, 2010, should be **DENIED**, and Phil Pollan's request for attorney's fees (doc. 38), filed December 8, 2010, should be **DENIED**.

**SO RECOMMENDED** on this 21st day of February, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE