IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CAPPA FUND III, LLC**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-897-L** |
| | § | |
| **ACTHERM HOLDING, a.s., and** | § | |
| **ACTHERM spol s.r.o.**, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The court dismissed this case on September 27, 2010, for want of personal jurisdiction. Plaintiff was ordered by the court to respond to Defendants' arguments concerning personal jurisdiction, but it never did. A month later, on October 27, 2010, Defendants filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. Defendants asserted that sanctions were appropriate because Plaintiff allegedly filed its pleading for an improper purpose, despite having knowledge that its claims were groundless. The motion was referred to United States Magistrate Judge Irma Carrillo Ramirez on November 2, 2010, for hearing and determination. Magistrate Judge Ramirez entered her Findings, Conclusions, and Recommendation ("Report") on February 21, 2011. No objections to the Report were filed.

The magistrate judge recommends that the motion for sanctions be denied and that Plaintiff's request for reimbursement of reasonable expenses, in addition to interested party Phil Pollan's request for attorney's fees, be denied. Her Report makes clear that, when the court dismissed this action for lack of personal jurisdiction, it did not have sufficiently developed facts before it to make a finding with respect to the merits of this case or whether Plaintiff's asserted claims were

groundless. The case was dismissed solely on procedural grounds. Sanctions would therefore be premature and inappropriate. Moreover, as the factual record is deficient, the court cannot make a proper finding as to whether Plaintiff or Phil Pollan should be entitled to reasonable expenses or attorney's fees.

After conducting an independent review of the motion for sanctions, record, Report, and applicable law, the court, like the magistrate judge, determines that sanctions are inappropriate and that each party should bear their own expenses and attorney's fees. The court accordingly **accepts** the findings, conclusions and recommendation of the magistrate judge. The Actherm Entities' Motion for Sanctions is **denied**. Plaintiff's request for reasonable expenses is **denied**. Phil Pollan's request for attorney's fees is **denied**.

**It is so ordered** this 9th day of March, 2011.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge